IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES A. WHITTIER, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-12-3095 | |
| § | | |
| OCWEN LOAN SERVICING, LLC, § | | |
| *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on the Motion for Summary Judgment [Doc. # 41] filed by Plaintiffs Charles and Yvette Whittier. Plaintiffs seek summary judgment on their claims for declaratory judgment, violation of the Texas Debt Collection Act ("TDCA"), and violation of the Real Estate Settlement Procedures Act ("RESPA"). Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company ("Deutsche Bank"), MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Response [Doc. # 47], and Plaintiffs filed a Reply [Doc. # 51].

Also pending is Defendants' Motion for Summary Judgment [Doc. # 43]. Plaintiffs filed a document entitled "Reply in Support of Plaintiffs' Summary Judgment Motion" [Doc. # 52], which Plaintiffs identify as their Response to

Defendants' Motion for Summary Judgment. Defendants filed a Reply [Doc. # 56], and Plaintiffs filed a Sur-Reply [Doc. # 61-1].[1] Having reviewed the full record and applicable legal authorities, the Court **denies** Plaintiffs' Motion for Summary Judgment and **grants** Defendants' Motion for Summary Judgment.[2]

## I.    BACKGROUND

On September 8, 2004, Plaintiffs executed a Promissory Note ("Note") in the amount of $264,000.00 payable to Fremont Investment & Loan ("Fremont") in connection with the purchase of property in Houston, Texas. *See* Adjustable Rate Note, Exh. A-1 to Defendants' Motion for Summary Judgment. The Note was endorsed in blank by Fremont. *See id.*

Plaintiffs also executed a Deed of Trust, identifying Plaintiffs as the Borrowers, Fremont as the Lender, and MERS as "a nominee for Lender and Lender's successors and assigns" and as "a beneficiary under this Security Instrument." *See* Deed of Trust, Exh. A-2 to Defendants' Motion for Summary Judgment. Dennis P. Schwartz was named as the Trustee. The Deed of Trust was recorded in the Harris County Real Property Records.

---

[1]    Plaintiffs' Motion for Leave to File Sur-Reply [Doc. # 61] is **GRANTED**.

[2]    Having granted Defendants' Motion for Summary Judgment, the Court **denies as moot** Defendants' Rule 12(c) Motion for Judgment on the Pleadings [Doc. # 32], Motion to Strike Plaintiff's Expert Witnesses [Doc. # 39], and Motion to Compel Plaintiff to Respond to Discovery Requests [Doc. # 40].

In 2007, Plaintiffs entered into a loan modification agreement whereby the Note was changed from an Adjustable Rate Note to a fixed interest rate loan. *See* Loan Modification Agreement, Exh. A-4 to Defendants' Motion for Summary Judgment. Plaintiffs subsequently defaulted on their obligations under the Note.

In 2010, the United States Bankruptcy Court for the Central District of California confirmed a plan for Fremont General Credit Corporation and Fremont Organizing Company (f/k/a Fremont) to merge into the reorganized debtor, Fremont General Corporation.

In November 2011, loan servicing responsibilities for the Note was transferred from Litton Loan Servicing, LP to Ocwen.

In 2012, MERS, as the original nominee for Fremont, its successors and assigns, and as a beneficiary, transferred the Deed of Trust to Deutsche Bank as Trustee for Fremont Home Loan Trust 2004-4 Asset-Backed Certificates, Series 2004-4. *See* Transfer of Lien, Exh. A-3 to Defendants' Motion for Summary Judgment. The Transfer of Lien was recorded in the Harris County Real Property Records.

On July 20, 2012, Plaintiffs filed this lawsuit in the 157th Judicial District Court of Harris County, Texas. Defendants timely removed the case to this Court. On January 25, 2013, Plaintiffs filed their First Amended Complaint [Doc. # 19]. Plaintiffs seek declaratory relief, and assert causes of action for violation of the

TDCA, a violation of RESPA, breach of contract, negligent representation, promissory estoppel, and a claim under the Texas Deceptive Trade Practices Act. Defendants asserted a counterclaim for breach of contract and suit on the Note.

On July 10, 2013, Plaintiffs and Defendants filed their respective Motions for Summary Judgment. The Motions have been fully briefed and are ripe for decision.

## II.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue

of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the

non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary

judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III. ANALYSIS

#### A. Declaratory Judgment Claim

Plaintiffs seek a declaratory judgment that neither Deutsche Bank nor Ocwen is the current assignee, owner or holder of the Note or Deed of Trust, and that neither is entitled to enforce the Note or Deed of Trust. Plaintiffs have failed to present

evidence to meet their burden as movants to show entitlement to the requested declarations. Indeed, the evidence of record demonstrates that Deutsche Bank is the current holder of the Note.

Under Texas law, if a note bears a blank endorsement, the party with physical possession of the note has ownership of it and is entitled to collect on it. *See Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, 469 F. App'x 330, 331 (5th Cir. 2012) (published) (citing TEX. BUS. & COMM. CODE §§ 1.201(b)(21), 3.205(b)). To be authorized to foreclose on property, the party in possession of the note need not show that the deed of trust was assigned to it. *Id.* (*Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex. App. – Texarkana 1995, no pet.)).

Here, Deutsche Bank has produced the original Note, which is endorsed in blank. *See* Note, Exh. A-1 to Defendants' Motion for Summary Judgment, p. 6. Plaintiffs assert without any admissible and non-speculative evidence that the endorsement is "phony." There is no evidence that Fremont did not intend its endorsement stamp, signed by its agent, on the Note to operate as an endorsement in blank. Accordingly, Deutsche Bank has the authority to enforce the Note.

Deutsche Bank is entitled to foreclose pursuant to the Deed of Trust also. Plaintiffs argue that MERS did not have authority to assign the Deed of Trust to Deutsche Bank because Fremont was bankrupt prior to the assignment and, as a result,

MERS could no longer operate as Fremont's nominee. MERS, however, was the original beneficiary under the Deed of Trust. As the original beneficiary under the Deed of Trust, MERS is the original mortgagee. *See Wilson v. Bank of New York Mellon*, 2013 WL 5273328, *6 (N.D. Tex. Sept. 18, 2013) (citing TEX. PROP. CODE § 51.0001(4)(A)). "As the beneficiary of the Deed of Trust, MERS held legal title to the Property and had the right to foreclose and sell the Property upon default, and therefore MERS had the inherent authority to assign the . . . deed of trust." *See id.*; *see also* Deed of Trust, Exh. A-2 to Defendants' Motion for Summary Judgment. The bankruptcy of Fremont after Plaintiffs signed the Deed of Trust did not impair MERS's status. MERS had the right, pursuant to the Deed of Trust, to assign its rights. *See id.*, ¶ 20. After the assignment from MERS, Deutsche Bank became the new mortgagee and acquired all of MERS's rights under the Deed of Trust. *See Wilson,* 2013 WL 2573328 at *6. As a result, Deutsche Bank has the right to foreclose under the Deed of Trust. Defendants are entitled to summary judgment on Plaintiffs' declaratory judgment claim, and Plaintiffs' request for summary judgment in their favor is denied.

      **B.**    **Violations of the Texas Debt Collection Act**

Plaintiffs asserts that Ocwen violated §§ 392.304(8) and (19) of the Texas Debt Collection Act ("TDCA"). To plead a viable TDCA claim:

> a plaintiff must set forth facts showing that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act.

*Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, *2 (S.D. Tex. June 6, 2012) (citing TEX. FIN. CODE § 392.001, *et seq.*). Plaintiffs seek summary judgment in their favor on this claim.

Defendants argue in their Motion for Summary Judgment that Plaintiffs have failed to present evidence that Ocwen "committed a wrongful act" in violation of the TDCA. In their Sur-Reply to Defendants' Motion for Summary Judgment, Plaintiffs argue that Ocwen provided a Notice of Acceleration of Debt "which quotes an amount of $352,905.72" even though the original Note was for $264,000.00 and Ocwen "has failed to account to the Plaintiffs for the amounts paid or shown why the principal amount owed has <u>increased</u> by almost $100,000." *See* Sur-Reply [Doc. # 61-1], p. 13 (emphasis in original). Plaintiffs, who have the ultimate burden of proof on this claim, have failed to present any evidence that the $352,905.72 balance due is incorrect.[3] Plaintiff Charles Whittier's Affidavit regarding his disagreement with this balance is mere speculation.

---

[3] To prevail on their Motion for Summary Judgment on this claim, Plaintiffs have the burden to show entitlement to relief based on the summary judgment record. Plaintiffs have not met this burden.

Plaintiffs argue also that Ocwen violated the TDCA by seeking to collect the amount due under the Note without proving that it was "acting on behalf of the rightful mortgagee." *See* Sur-Reply, p. 13. This argument is founded on Plaintiffs' fundamental contention that Deutsche Bank is not the holder of the Note and Deed of Trust and, therefore, Ocwen violated the TDCA by acting as servicer for Deutsche Bank. As discussed above, the record in this case establishes that Deutsche Bank is the holder of the original Note and is entitled to collect the balance due.

Plaintiffs have failed to present evidence that establishes a basic element of their TDCA claim, and fail to raise a genuine issue of material fact in support of that claim. As a result, Plaintiffs' Motion for Summary Judgment is denied and Defendants are entitled to summary judgment on the TDCA claim.

### C. **RESPA**

Plaintiffs allege that Ocwen failed to submit a timely or adequate answer to Plaintiffs' qualified written request for an accounting of their mortgage. RESPA requires a loan servicer to respond by certain deadlines to a "qualified written request" from a borrower. *See* 12 U.S.C. § 2605(e). For purposes of RESPA, a "qualified written request" is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer," that identifies, specifically or in a manner that enables the loan servicer to identify, the name and

account at issue, and that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *See* 12 U.S.C. § 2605(e)(1)(B). The borrower must show that actual damage resulted from an alleged violation of § 2605(e) in order to recover under RESPA. *See* 12 U.S.C. § 2605(f)(1); *Steele v. Quantum Servicing Corp.*, 2013 WL 3196544, *6 (N.D. Tex. June 25, 2013).

In this case, Plaintiffs sent Ocwen a "qualified written request" for account information. Ocwen sent a timely response, although the response was illegible because it was in a very small font. *See* Letter dated July 30, 2012, Exh. 16 to Plaintiffs' Motion for Summary Judgment. Plaintiffs have failed to present evidence of any actual damage resulting from the illegible response. Plaintiffs assert that the illegible report caused damage to their credit rating, and caused them to incur the expense of this litigation. Plaintiffs have cited no legal authority supporting their argument that fees and costs of litigation constitute actual damage for a RESPA claim. Indeed, legal authority is to the contrary. *See Steele*, 2013 WL 3196544 at *7. Plaintiffs have presented no evidence that their credit rating was damaged as a result of the illegible RESPA response. As a result, Defendants are entitled to summary

judgment on Plaintiffs' RESPA claim, and Plaintiffs' Motion for Summary Judgment on this claim is denied.

### D. Breach of Contract

Plaintiffs allege that Ocwen failed to honor the terms of the "trial modification contract" dated August 8, 2011. Under Texas law, the statute of frauds requires all loan agreements involving more the $50,000.00 to be in writing and signed by the party to be bound in order to be enforceable. *See* TEX. BUS. & COM. CODE § 26.02(b). A "loan agreement" for purposes of the statute of frauds is defined to include promises by a financial institution to "delay repayment of money . . . or make a financial accommodation." *See* TEX. BUS. & COM. CODE § 26.02(a)(2). Plaintiffs' claim that Defendant promised to make a financial accommodation by entering into a loan modification squarely fits this definition and accordingly is barred by the Texas statute of frauds. *See Burnette v. Wells Fargo Bank, N.A.*, 2010 WL 1026968, *5 (E.D. Tex. Feb. 16, 2010) (quoting *Krudop v. Bridge City State Bank*, 2006 WL 3627078, *4 (Tex. App. – Beaumont Dec. 14, 2006, pet. denied)). As a result, Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim.

### E. Negligent Misrepresentation

Plaintiffs assert that Defendants made false representations regarding their mortgage account, and "failed to use reasonable care in communicating the correct

status of Plaintiffs' mortgage loan by telling the Plaintiff that it would not engage the foreclosure process against the property while researching the Plaintiffs' loan modification status." *See* Amended Complaint, p. 34. When raising a claim for negligent misrepresentation, a plaintiff must demonstrate that:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Smith v. JP Morgan Chase Bank, N.A.*, 2013 WL 1165281, at *3 (5th Cir. Mar. 22, 2013) (unpublished) (quoting *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991)) (internal quotation marks omitted).

Plaintiffs have failed to present evidence that Defendants made false representations regarding their mortgage account.[4] Plaintiffs have similarly failed to present evidence that Defendants falsely represented that they would approve a modification in 2011. Indeed, Defendants have presented evidence that Plaintiffs were approved for a loan modification on December 17, 2011. Defendants also have presented evidence that Plaintiffs thereafter stated that they could not afford the modified loan and preferred, instead, to apply for a HAMP modification at a lower

---

[4] Plaintiffs do not respond in either their Response or their Sur-Reply to Defendants' Motion for Summary Judgment with regard to the negligent misrepresentation claim.

interest rate. There is no evidence that Defendants' statement that they would approve Plaintiffs for the 2011 loan modification was a misrepresentation. As a result, Defendants are entitled to summary judgment on the negligent misrepresentation claim.

F.     **Promissory Estoppel**

Plaintiffs "assert the equitable doctrine of promissory estoppel" against Ocwen based on its failure to modify Plaintiffs' mortgage loan in 2011. Promissory estoppel may be asserted as a cause of action but, whether asserted as an affirmative claim or as a defense to the statute of frauds, requires that the "promisor promised to sign a written document that would satisfy the statute of frauds." *Burnette*, 2010 WL 1026968 at *7 (citing *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App. – Corpus Christi 2001, no pet.)). Plaintiffs allege that Ocwen's predecessor, Litton, promised to modify Plaintiffs' mortgage loan in 2011. Plaintiffs have not, however, presented evidence that either Litton or Ocwen promised to sign a written document that would satisfy the statute of frauds as to any alleged promise to enter into a loan modification in 2011. As a result, Defendants are entitled to summary judgment on Plaintiffs' claim of promissory estoppel.

G.   **Texas Deceptive Trade Practices Act**

Plaintiffs allege that MERS violated the Texas Deceptive Trade Practices Act ("DTPA") by "hiding the true mortgage owner" from them, by "operating MERS through its members employees, and by assigning or foreclosing upon mortgages without authority. "[C]onsumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing,* L.P., No. 12-41273, 2013 WL 4080717, at *6 (5th Cir. Aug. 13, 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.— San Antonio 1996, no pet.)). To qualify as a consumer, a plaintiff must (1) "seek or acquire goods or services by purchase or lease" and (2) "the goods or services purchased or leased must form the basis of the complaint." *Miller*, 2013 WL 4080717, at *6 (quoting *Mendoza* , 932 S.W.2d at 608) (citing TEX. BUS. & COM. CODE ANN. § 17.45(4)). Usually a loan transaction cannot be challenged under the DTPA because the plaintiff sought or acquired money, which is not a good or a service. *Id.* A mortgage loan is not within the DTPA when the loan, rather than the property sought to be purchased, is the basis of the plaintiff's complaint. *See Miller*, 2013 WL 4080717, at *6. Plaintiffs have failed to present evidence that they, as borrowers in a loan transaction, qualify as consumers for purposes of their DTPA claim against MERS. Consequently, Defendants are entitled to summary judgment on this claim.

### H.     Counterclaims for Breach of Contract and Suit on the Note

Defendants seek summary judgment on their counterclaims for breach of contract and suit on the Note. Defendants' counterclaims are contained in their Original Answer and Counterclaim [Doc. # 14], filed November 21, 2012. Although the counterclaims are not repeated in Defendants' Answer to Plaintiffs' First Amended Complaint [Doc. # 20], filed February 8, 2013, Plaintiffs treated the counterclaims as repeated and filed an Answer to Defendants' Counterclaims [Doc. # 23] on March 1, 2013. Thus, the procedural deficiency regarding the counterclaims is waived. The Court concludes that summary judgment should be granted on Defendants' counterclaims.

In order to prevail on its breach of contract counterclaim, Defendant must establish the existence of a contract, its performance or tender of performance, a breach by Plaintiffs, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (quoting *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). In this case, it is undisputed that Plaintiffs executed the Note, which is attached as Exh. A-1 to Defendants' Motion for Summary Judgment. It is undisputed that Plaintiffs received the funds referenced in the Note, which they used in connection with the purchase of the Property. It is undisputed that Plaintiffs failed to make all payments required

under the Note, which constitutes a breach of the contract and which caused damage to Deutsche Bank. As a result, Defendants are entitled to summary judgment on their breach of contract counterclaim.

"The traditional elements for a suit on a note are: (1) the existence of the note; (2) that the defendant had signed the note; (3) that the plaintiff was the holder of the note; and (4) that a balance was due and owing under the note." *In re Marriage of Eilers*, 205 S.W.3d 637, 645 n.5 (Tex. App. – Waco, 2006) (citing *Doncaster v. Hernaiz*, 161 S.W.3d 594, 602 (Tex. App. – San Antonio 2005, no pet.); *Scott v. Commercial Servs. of Perry, Inc.*, 121 S.W.3d 26, 29 (Tex. App. – Tyler 2003, pet. denied)); *see also Whitney Bank v. Hancock*, 2013 WL 1404822, *2 (S.D. Tex. Apr. 5, 2013) (citing *Roberts v. Roper*, 373 S.W.3d 227, 232 (Tex. App. – Dallas 2012, no pet.); *SMS Fin., Ltd. Liability Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999)). As discussed above, the existence of the Note signed by Plaintiffs is undisputed. Defendants have presented evidence that Deutsche Bank is the holder of the Note and that as of December 3, 2012, there was a balance of $373.337.60 due and owing on the Note. *See* Affidavit of Nicole Boutin, Exh. A to Defendants' Motion for Summary Judgment, ¶ 7; Payoff Quote, Exh. A-7 to Defendants' Motion for Summary Judgment. Plaintiffs have failed to present any evidence to the contrary. As a result, Defendants are entitled to summary judgment on the suit on the Note counterclaim.

The Note provides that the Note Holder is entitled to reimbursement "for all of its costs and expenses in enforcing this Note" including reasonable attorneys' fees." *See* Note, Exh. A-1 to Defendants' Motion for Summary Judgment. As a result, Deutsche Bank is entitled to recover its costs and expenses, including reasonable attorneys' fees in an amount to be determined later.

The Note provides also that the Note Holder is protected by the provisions of the Deed of Trust. *See* Note, ¶ 11. The Deed of Trust grants the mortgagee the power of foreclosure and sale. *See* Deed of Trust, Exh. A-2 to Defendants' Motion for Summary Judgment, ¶ 22. Therefore, Defendants are entitled to foreclose on the Note.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 41] is **DENIED** and Defendants' Motion for Summary Judgment [Doc. # 43] is **GRANTED**. The Court will issue a separate final judgment. It is further

**ORDERED** that Plaintiffs' Motion for leave to File Sur-Reply [Doc. # 61] is **GRANTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 32], Motion to Strike Plaintiffs' Expert Witnesses [Doc. # 39], and Motion to Compel Plaintiffs to Respond to Discovery Requests [Doc. # 40] are **DENIED AS MOOT**.  It is further

**ORDERED** that Defendants' statement of costs and attorneys' fees, with full supporting documentation, shall be submitted to the Court by **October 11, 2013**. Plaintiffs may file any objections or other response by **October 25, 2013**.

SIGNED at Houston, Texas, this **26th** day of **September, 2013**.

_____
Nancy F. Atlas
United States District Judge